Norman Johnson, Plaintiff-Appellee, v. Darin & Armstrong, Inc., a Corporation, Defendant-Appellant.
Darin & Armstrong, Inc., a Corporation, Third-Party Plaintiff-Appellant, v. Tri-City Roofing & Sheet Metal Works, Third-Party Defendant-Appellee, and Michael Flynn Manufacturing Company, Third-Party Defendant-Appellee.

Gen. No. 50,437.

First District, Second Division.

February 8, 1966.

Pentis and Tourek, of Chicago (James M. Tourek, of counsel), for appellant.

Maragos & Richter, of Chicago, for Tri-City Roofing & Sheet Metal Works, third-party defendant-appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This appeal comes from an order entered September 10, 1964, in the Circuit Court of Cook County which order dismissed Count II of the complaint of the third party plaintiff.

The complaint was originally filed March 19, 1963 by Norman Johnson with Darin & Armstrong, Inc. as the defendants. In this complaint it was alleged that Darin & Armstrong was a building construction contractor and was in charge of the construction of a building being erected by R. R. Donnelly & Sons at 1900 S. Prairie Avenue, Chicago. Johnson said he was an employee of the Superior Construction Company, a subcontractor of Darin & Armstrong, engaged to install metal window frames in the building.

The complaint continues to allege that the window frames were then being installed on the second story of said building, and in order to reach the place where Johnson was to work it was necessary for him to climb a ladder which was resting on the ground floor with its top leaning against the edge of the second floor, inside the building. At the time the plaintiff climbed the ladder on his way to the place of work on the second story, the ladder was resting on the rough concrete floor of the ground floor, which it is said, furnished a secure and firm footing for the ladder.

It is alleged that while Johnson was working on the second story of the building certain employees of Darin & Armstrong were installing wooden flooring on the ground floor of the building, at the place where the ladder was standing, and as the work of installing the wooden flooring progressed defendant's servants or agents moved the ladder and placed it with its feet on the newly-installed wooden flooring with its top again leaning against the edge of the second floor, so that its position was ap-

proximately the same as it was when plaintiff climbed it, but its feet were on the newly-installed wooden flooring instead of being on the rough concrete. The men did not warn Johnson that the ladder had been moved, and as he was coming down the ladder it slipped on the new wooden floor causing him to fall and sustain injuries.

It is alleged that the new wooden floor was slippery and did not afford a secure base for the ladder. A cause of action was then alleged under the Structural Work Act, Ill Rev Stats 1961, chap 48. There is also a Count II to this complaint, alleging the same basic facts and claiming common law negligence.

The answer filed by Darin & Armstrong denied all the allegations of Johnson's complaint, and on December 27, 1963, filed a third party complaint against Michael Flynn Manufacturing Company and Tri-City Roofing and Sheet Metal Works. Count II of this third party complaint alleged that Tri-City Roofing had a contract with Darin & Armstrong in which it was agreed that:

"Tri-City Roofing and Sheet Metal Works agrees to protect, defend, indemnify and hold harmless Darin and Armstrong, Inc., from all liabilities, claims or demands for injury or damage to any person or property arising out of or occurring in connection with the performance of this order."

It was alleged that Darin & Armstrong had the right to believe that Tri-City Roofing would take such measures as to insure the safety of workmen engaged in construction and would perform its duties under the Structural Work Act.

It was further alleged that Tri-City Roofing did not perform its contract in that it did not insure the safety of Johnson in the use of the ladder which fell causing his injuries. Darin & Armstrong said it took no active

part in the construction work being done by Tri-City Roofing. The complaint ended by asking that if judgment be entered against Darin & Armstrong in the principal suit, that judgment should be entered against Tri-City Roofing and in favor of Darin & Armstrong so that it would be held harmless according to the provisions of the contract.

Tri-City Roofing then filed a motion to strike Count II of the third party complaint (that being the part that pertained to it). The Court below made a finding as follows:

"(a)   That the complaint filed herein by Norman Johnson, charges third party plaintiff with only one act of active negligence under the Scaffolding Act of the State of Illinois.

"(b)   That the injury of Norman Johnson, as alleged in his complaint, did not arise from work performed by Tri-City Roofing & Sheet Metal Works."

On such finding, the third party complaint was dismissed.

The appellant's theory of the case is that the court below erred in holding that allegations of negligence in the principal complaint against only it precluded it from maintaining a third party complaint against a subcontractor, alleging negligence of the subcontractor, and a contractual duty of indemnity owed by the subcontractor. Darin & Armstrong also contends that the court below erred in finding in favor of Tri-City Roofing on a factual issue—the question of whether or not the injury to Johnson arose from the work performed by Tri-City.

Neither Tri-City Roofing nor Johnson have appeared in this court, either by way of briefs or oral argument.

A problem such as the one at bar was considered in Rovekamp v. Central Const. Co., 45 Ill App2d 441, 195

NE2d 756 (1964). There it was held that when a worker brought an action under the Structural Work Act against a general contractor, the general contractor had the right to bring a third party complaint against the sub-contractor. There the third party defendant was the original plaintiff's immediate employer, which is not the case here. This fact, however, does not seem to us to be controlling in the case at bar. If Darin & Armstrong have an action against Tri-City Roofing resulting from the injury to Johnson, then Darin & Armstrong have a right to file a third party complaint so that the entire matter may be cleared up in one proceeding. There is no claim that the third party complaint does not state a cause of action; Darin & Armstrong must be given the opportunity to prove their case. For these reasons the order of the Court below is reversed and the cause is remanded, with directions to overrule the motion to dismiss and for further proceedings.

Order reversed and cause remanded with directions.

LYONS, and BURKE, JJ., concur.